## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Respondent/Plaintiff, | ) | |
| vs. | ) | No. 3:03-CR-0280-D |
| | ) | No. 3:05-CV-0667-D (BH) |
| CECIL LUMONT BRADFORD, | ) | ECF |
| ID # 31163-177, | ) | Referred to U.S. Magistrate Judge |
| Movant/Defendant. | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:03-CR-0280-D. The respondent is the United States of America (government).

On August 6, 2003, movant was charged via indictment with distributing cocaine base (Counts 1 and 2); possessing with intent to distribute cocaine base (Count 3); possessing a firearm in furtherance of a drug trafficking crime (Count 4); and possessing a firearm after previously being convicted of a felony offense (Count 5). In late September 2003, (1) movant waived his right to be charged by indictment; (2) the government charged him by way of a superseding felony information of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) movant

entered into a plea agreement whereby he would plead guilty to those two charges and signed a factual resume wherein he admitted facts sufficient to support a conviction on said charges.  In the plea agreement, movant waived "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under . . . 28 U.S.C. § 2255."  He nevertheless reserved the right to directly appeal three specific sentencing errors and reserved the right to raise claims of ineffective assistance of counsel.  On September 30, 2003, movant appeared before the Court for rearraignment and entered a plea of guilty to the two counts against him.

After preparation of a presentence report to calculate movant's sentence under the Sentencing Guidelines, the Court conducted a sentencing hearing wherein it considered movant's objections to the report, including an objection that a prior felony conviction for escape should not subject movant to a sentence enhancement as a career offender.  In April 2004, the Court entered judgment on movant's plea, sentenced him to 170 months imprisonment on Count 1 and 120 months on Count 2, and ordered the sentences to run concurrently.  Movant filed no appeal.

On April 6, 2005, the Court received the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255.  In that motion and a brief attached to the motion, movant raises four claims:  (1) the Court sentenced him above the "statutory maximum" in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004); (2) the Court erroneously sentenced him to 120 months on the gun charge after it had orally indicated that it would sentence him in the "midpoint" of the range of punishment; (3) the Court erroneously enhanced his sentence as a career offender under USSG § 4B1.1; and (4) he was denied the effective assistance of counsel at sentencing.  Nothing in the motion to vacate or attached brief raises any challenge to the validity or voluntariness of movant's guilty plea or waiver of indictment.

The government asserts that by pleading guilty, movant waived the right to raise the *Blakely* claim as well as Claims 2 and 3 in this action.[1]  Alternatively, it argues that the *Blakely* claim and Claim 3 are not cognizable on collateral review.  It also argues that the *Apprendi* claim and Claim 2 are procedurally barred from review in this action because movant did not raise them on appeal and has shown no cause for not doing so or resulting prejudice.  With respect to the claims of ineffective assistance of counsel, the government argues that such claims lack merit.

In his response to the government's opposition to his motion to vacate, movant continues to argue the validity of his claims but makes no effort to combat the government's procedural arguments concerning waiver and procedural bar other than to characterize his claims as jurisdictional in nature, and thus not subject to waiver or default.  He makes no challenge to the validity or voluntariness of his guilty plea or waiver of indictment.  He makes no assertion that he is actually innocent of the offenses to which he pled guilty.

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).  Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the

---

[1] For unstated reasons, the government considers the *Blakely* and *Apprendi* claims separately, and renumbers the claims. For purposes of consistency, the Court will utilize the numbering used by movant.

omission and "actual prejudice" resulting from the asserted error. *Id.* at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The cause and prejudice test applies even to allegations of fundamental constitutional error. *Id.* The only exception to the application of the test is when a movant can establish a fundamental miscarriage of justice, *i.e.*, that he or she is actually innocent of the crime convicted. *Id.* Furthermore, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). In addition, a showing of ineffective assistance of counsel satisfies the cause and prejudice standard. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

In addition to the foregoing general principles, a defendant who pleads guilty to a charged offense may voluntarily limit or eliminate claims that he or she may raise in a § 2255 proceeding. It is well settled that, with an informed and voluntary waiver, a defendant may waive his statutory right to pursue claims directly on appeal and collaterally through a motion filed pursuant to 28 U.S.C. § 2255. *See, e.g., United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005); *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam); *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Baty*, 980 F.2d 977, 978 (5th Cir. 1992); *United States v. Melancon*, 972 F.2d 566, 567 (1992). "So long as a plea is informed

and voluntary, [the appellate courts] will enforce a waiver of appeal." *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).  The district courts likewise enforce voluntary and informed waivers.

Movant in this case raises claims of ineffective assistance of counsel along with claims of trial court error.  As argued by the government, except for his claims of ineffective assistance of counsel, movant has either waived the right to raise his claims in this action or is procedurally barred from doing so due to his failure to raise such claims on direct appeal.  Movant does not contest that he voluntarily and knowingly pled guilty.[2]  He has shown no cause for not presenting his claims of trial court error on direct appeal.  He has made no assertion that he is actually innocent of the offenses to which he pled guilty.[3]  He merely argues that his claims are not subject to waiver or default because of their alleged jurisdictional nature.  Such argument, however, has no merit.  *Blakely*, *Apprendi*, and other claims of trial court error are subject to waiver and default.  *See, e.g.*, *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005) (noting that *Blakely* does not "alter the plain meaning of appeal-waiver provisions in valid plea agreements"); *United States v. Alanis*, 88 Fed. App'x 15, 24 (5th Cir. 2004) (holding that *Apprendi* claim is subject to procedural bar); *Johnson v. United States*, Nos. 3:05-CV-262-N, 3:03-CR-240-N, 2006 WL 3771804, at *3 (N.D. Tex. Dec. 18, 2006) (District Court accepting recommendation that found *Apprendi* claim subject to waiver); *United States v. Rodriguez-Lopez*, Nos. CR. C-05-52(1), C.A. C-06-144, 2006 WL 3761889, at *5 (S.D. Tex. Dec. 21, 2006) (holding that *Blakely* claim is subject to procedural bar).

---

[2]  The Court previously found the plea to be knowing and voluntary.  (*See* Tr. Rearraignment at 25.)  A review of the record fully supports that finding.

[3]  The Court recognizes that movant asserts that "he is in essence innocent" of allegations regarding increased drug quantities.  Such assertion does not go to whether he is actually innocent of the charged offenses.

By his plea, movant voluntarily waived his right to collaterally attack his conviction or sentence in a motion to vacate, except on grounds of ineffective assistance of counsel. As argued by the government, he thus waived his right to raise the *Blakely* claim, as well as Claims 2 and 3, in this action. In addition, as argued by the government, Claim 2 and movant's *Apprendi* claim are procedurally barred from collateral review in this action because movant has shown no cause for not raising them on direct appeal. Movant has shown no need to consider the claims to avoid a fundamental miscarriage of justice. The Court thus proceeds to the only claims properly raised in this action – movant's claims of ineffective assistance of counsel.[4]

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims that his attorney rendered ineffective assistance of counsel when he (1) failed to object and preserve his rights to due process and to a jury under *Apprendi* and *Blakely*; (2) failed to object to allegations used to enhance his sentence; and (3) failed to provide case law to support an objection at sentencing, thus exhibiting a failure to research and prepare. He asserts that his attorney allowed a conviction and sentence not properly charged or proven beyond a reasonable doubt and a sentence beyond the statutory maximum, and that he was constructively denied counsel due to the complete ineffectiveness of his attorney. In his response to the government's opposition, movant focuses on a failure of counsel to protect him from an "end run around jurisdiction." He

---

[4] Although movant has either waived or procedurally defaulted his claims of sentencing errors by the Court, such claims also fail on their merits. Movant argues that, although the Court orally indicated that it would sentence him in the "midpoint" of the punishment range with respect to the firearm charge, it sentenced him at statutory maximum sentence. However, a review of the sentencing transcript clearly reveals that the Court's statement regarding the "midpoint" of the range concerns the drug offense rather than the firearm offense. (*See* Sentencing Tr. at 7.) As for the career offender enhancement, movant's prior conviction for escape qualifies him for the enhancement under USSG § 4B1.1. *See United States v. Ruiz*, 180 F.3d 675, 676-77 (5th Cir. 1999). As discussed more thoroughly *infra*, movant's *Blakely* and *Apprendi* claims also have no merit.

argues that had counsel "been armed with this jurisdictional error, the outcome would have been different and his sentence would have been less severe.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense.[5] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "[I]n a guilty plea scenario, a [prisoner] must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000). To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he

---

[5] Where a defendant has been actually or constructively denied counsel, the courts presume that he or she has been prejudiced thereby, and no showing of prejudice is required. *United States v. Cronic*, 466 U.S. 648, 659-60 (1984). Prejudice is presumed (1) when the accused is denied counsel at a critical stage of trial, *i.e.*, "when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding" or (2) when counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659-60. The *Cronic* standard does not apply when defense counsel has merely failed to oppose the prosecution at specific points of the proceedings – it applies only when counsel has *entirely* failed to challenge the prosecution's case. *Bell v. Cone*, 535 U.S. 685, 697 (2002). When counsel provides "some meaningful assistance", the *Cronic* standard is inapplicable. *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986). Movant has the burden to show that he was constructively denied counsel. *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997). Although movant alleges a constructive denial of counsel, a review of the record reveals that he received meaningful representation. Because movant has not carried his burden to show a constructive denial of counsel, his claims are subject to analysis under the *Strickland* standard.

reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To satisfy the prejudice requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.  In the context of ineffective assistance of counsel at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200-04 (2001).  In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200.  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Movant claims that his attorney rendered ineffective assistance of counsel by (1) failing to make an objection under *Apprendi* or *Blakely*; (2) failing to object to enhancements to his sentence; and (3) failing to research and prepare as shown by a failure to provide case law to the Court to support an objection at sentencing.  The record supports the opposite conclusion regarding the latter claim.  At sentencing, counsel objected that movant's escape conviction should not qualify as a crime of violence that makes movant subject to the career offender enhancement of USSG § 4B1.1. (Sentencing Tr. at 3.)  In so doing, counsel specifically acknowledged that "Fifth Circuit law is contrary" to that position but objected to "preserve" the issue.  (*Id.*)  In overruling the objection, the Court recognized that counsel was correct that the objection "is currently foreclosed by the Fifth Circuit" and that the Fifth Circuit could issue an en banc decision to change the law regarding whether an escape qualifies as a crime of violence.  (*Id.* at 5.)  The sentencing transcript reflects a

8

well-prepared attorney who had researched his objection rather than an attorney who had no case law support due to inadequate preparation and research. The Court finds no deficiency of counsel regarding counsel's research, preparation, and failure to provide case law to the Court.

As for the failure to make an objection under *Apprendi* or *Blakely*, the Court also finds no deficiency of counsel. As relayed to movant during his plea hearing, the statutory maximum sentences for his offenses was twenty years imprisonment for his drug offense and ten years imprisonment for his gun offense. (*See* Tr. Rearraignment at 16-17); *accord* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(a)(2). In the factual resume, movant admitted that he possessed 9.8 grams of cocaine with intent to distribute it and that he knowingly possessed a firearm after being previously convicted of a felony offense. (Factual Resume at 1-3.) The Court sentenced movant to 170 months imprisonment for the drug offense and 120 months imprisonment for the gun offense. It thus sentenced movant within the statutory maximum sentences regardless of the enhancements used by the Court to determine the sentencing range provided for by the sentencing guidelines. Furthermore, by rendering the sentencing guidelines advisory, *United States v. Booker*, 543 U.S. 220 (2005), eliminated any argument that the "statutory maximum" sentence is the sentence mandated by the guidelines based upon the facts admitted by movant. *See* 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment" right to a jury determination); *United States v. Avendano-Aleman*, 145 Fed. App'x 35, 37 (5th Cir. 2005) (recognizing that the statutory maximum sentence has not changed merely because *Booker* rendered the guidelines advisory). In view of these matters,

counsel had no legitimate basis to lodge an objection based upon *Apprendi* or *Blakely*. Consequently, counsel did not render deficient representation by not asserting an objection based upon those cases.

With respect to the generalized allegation that his attorney failed to object to enhancements to his sentence, movant has identified no legitimate objection that counsel should have made. He complains that the Court's consideration "of .46 grams of cocaine base, and 1.16 grams of cocaine base are relevant conduct" that he did not admit to in the factual resume. The Court, however, may consider relevant conduct when sentencing a defendant. Counsel had no basis to object the Court's consideration of relevant conduct. As already stated, furthermore, the Court properly enhanced movant's sentence as a career offender over objections by counsel. (*See* Sentencing Tr. at 3-5.) Thus, contrary to movant's general allegation, counsel indeed objected to that enhancement. The Court finds no deficiency of counsel related to movant's general allegation that counsel failed to object to enhancements to his sentence.

With respect to the alleged failure of counsel to protect movant from an "end run around jurisdiction", the Court finds no deficiency of counsel. This claim is essentially a twist on movant's claim that counsel failed to lodge an objection under *Apprendi* or *Blakely*, and as such, it fails for the same reasons. To the extent the claim relates to being charged by information rather than indict-ment, it fails because movant voluntarily waived his right to be indicted. Not only does movant not contest the voluntariness of that waiver, but the record fully supports finding that he voluntarily waived the right to indictment.

For the foregoing reasons, movant has stated no claim of ineffective assistance of counsel that entitles him to relief in this action.

## IV.  EVIDENTIARY HEARING

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case.  The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary.  In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice.

**SIGNED this 26th day of July, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

12